IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:20CR780 |
| | ) | |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| v. | ) | |
| | ) | |
| ANDREY KOVALENKO, | ) | JOIN MOTION FOR PROTECTIVE ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

Now come the United States of America, by and through its counsel, Justin E. Herdman,

United States Attorney, and Alejandro A. Abreu, Assistant United States Attorney, and Russell

S. Bensing, counsel for Defendant Andrey Kovalenko, and hereby respectfully request that this

Court issue an order pertaining to disclosures made by the United States of America to

Defendant.

In order to fulfill its discovery obligations under Federal Rule of Criminal Procedure 16,

the government is prepared to provide the Attorney for the Defendant with a DVD, or

alternatively, a cloud-based download link, containing discovery material in the above-

captioned case.  This material contains reports and other documents that may contain personal

identifiers[1] of individuals. In order to avoid a lengthy delay to redact the discovery materials the

parties request the Court enter a protective order with the following terms:

---

[1] As used herein, the term "personal identifier" includes the name, social security number, national identification number, date of birth, home address, telephone number, email address, IP address, vehicle license plate number, Vehicle Identification Number, driver's license number, fingerprints, handwriting, credit card number, birthplace and/or genetic information of any individual.

Therefore, as to the unredacted documents, the parties agree as follows:

a.  The documents and electronic files provided in discovery may only be used to represent the individual client in the above-captioned matter. They may not be provided to, shared with, or shown to anyone for any other purpose.

b.  The Attorney for the Defendant will keep track of any electronic copies may be made of the discovery material and collect the copies at the conclusion of this case.

c.  No personal identifiers will be shared with the Defendant or anyone else not employed by or contracted to work for the Attorney for the Defendant.

d.  The Attorney for the Defendant may print out copies of any electronic files, but the Attorney for the Defendant bears full responsibility to ensure that no one other than the Attorney for Defendant gains access to any personal identifiers contained therein.

e.  If the Attorney for the Defendant wishes to share a document the Defendant, the Attorney for the Defendant will provide the redacted version or redact all personal identifiers from the discovery materials prior to the document(s) being shared.

f.  Violation of any provision in this Protective Order may be punished as Contempt of Court.

g.  Any modifications to this agreement must be made in writing by an Attorney for the government.

By signing below, I agree that I have read this document and agree to abide with its terms. By signing as Attorney for the Defendant, defense counsel also signs on behalf of the investigator(s), forensic accountant(s) and/or other attorney(s) employed by the defense team. By signing, Attorney for the Defendant avers that he accepts responsibility for ensuring that everyone on his defense team will abide by all terms of this Protective Order.

COUNSEL FOR THE GOVERNMENT

_____
Alejandro A. Abreu
Assistant U.S. Attorney


December 1, 2020
_____
Date

COUNSEL FOR DEFENDANT

_____
Russell S. Bensing
Attorney for Defendant Andrey Kovalenko


December 1, 2020
_____
Date



_____
BENITA Y. PEARSON
UNITED STATES DISTRICT JUDGE

3